IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Phillip Lee Spears, Jr.,<br><br>                Plaintiff,<br><br>vs.<br><br>South Carolina Department of<br>  Corrections, et al.,<br><br>                Defendants. | Civil Action No. 6:11-3175-JMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the plaintiff's motion to amend his amended complaint (doc. 64). The plaintiff, who is a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

In his motion, the plaintiff requests that the court dismiss his claims against defendants Leon Johnson, Michael Swartz, Ms. Brown, A. Brown, K. Taylor, Ann Hallman, Janice L. Montgomery, Robin Elerby, and Silvia Roberts (m. to amend at 1). The defendants have no objection to the plaintiff dismissing his claims against these defendants. Accordingly, these defendants should be dismissed from the case.

The plaintiff also seeks to amend his deliberate indifference claims against several defendants and to add gross negligence claims against several defendants (m. to amend at 1-2). However, the plaintiff failed to submit a proposed amended complaint for review and consideration. Accordingly, the defendants argue that counsel is required to speculate as to the factual allegations that the plaintiff purports to add to his pleadings in

conjunction with the proposed new causes of action. To allow such an amendment would prejudice the defendants. Although amendments are generally freely given unless doing so would be prejudicial to the opposing party, have been made in bad faith, or would be futile, the motion fails to present any information upon which the court can rely upon to rule. *See* Fed.R.Civ.P. 15(a); *Jones v. Lexington County Det. Ctr.*, 586 F.Supp.2d 444, 450 (D.S.C. 2008). Accordingly, the motion to amend should be denied in all other regards.

    IT IS SO RECOMMENDED.

| | |
|---|---|
| May 25, 2012 | s/ Kevin F. McDonald |
| Greenville, South Carolina | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington St, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.