# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Phillip Lee Spears, Jr., | ) |
|            Plaintiff, | ) Civil Action No. 6:11-3175-JMC-KFM |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| South Carolina Department of Corrections, et al., | ) |
|            Defendants. | ) |

This matter is before the court on the plaintiff's second motion to amend complaint (doc. 74). The plaintiff, who is a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d), DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The original complaint in this action was filed on November 22, 2011. Thereafter, the plaintiff amended his complaint, filing his amended complaint on March 16, 2012. Defendants Ernest Mims, C. Johnson, Edward Lucky, Adrienne Scarborough, C. Demery, D. Pugh, Ms. Hankins, Ms. Winterspoon and Mr. Shepard answered the amended complaint on April 20, 2012. The same day, the remaining defendants filed a motion to dismiss the amended complaint in lieu of an answer. The plaintiff's response to that motion is due June 28, 2012.

On May 16, 2012, the plaintiff filed a motion to amend his amended complaint (doc. 64). Following the defendants' response to the motion, this court issued a Report and Recommendation, recommending the dismissal of certain defendants – which the plaintiff

requested and defendants' did not oppose – and the denial of the remainder of the motion to amend due to the plaintiff's failure to advise the defendants of the specific amendments he wished to make to his amended complaint. No objections to the report were filed, and the matter is currently pending before the Honorable J. Michelle Childs, United States District Judge.

On June 1, 2012, the plaintiff filed the instant motion to amend, making a second request that he be allowed to amend his amended complaint. The plaintiff's proposed amendments to paragraphs 106, 110, 129, and 130 of the amended complaint include the dismissal of claims against certain defendants. As to those amendments, the defendants consent.

Paragraph 106 of the amended complaint alleges deliberate indifference to the plaintiff's mental health and medical needs (doc. 31, ¶106). The plaintiff wishes to amend the list of defendants named in that paragraph, removing the names of defendants Silvia Roberts, Karen Y. McCullough, Marie Shermon, Beth I. Wallace, Deborah L. McClary, A. Brown, Dr. Moore, Margaret June O'Connell, Sharon MacDermott, Leon Johnson, Ms. Brown and Michel Swartz. The defendants consent to the amendment, such that the plaintiff's allegation of deliberate indifference only as to defendants Susan Breon, Ms. Strong, Dr. Randolph and D. Pugh will remain.

In the plaintiff's proposed amendment to paragraph 110, he seeks to dismiss all claims against defendants Janice L. Montgomery, K. Tayla, Robin Elerby, A. Brown, Leon Johnson, Michael Swartz, Ms. Brown, Ann Hallman, and Silvia Roberts. The defendants consent to this amendment.

In Paragraphs 129 and 130 of the amended complaint, the plaintiff's only requested amendments remove the names of defendants against whom plaintiff has already consented to dismiss this action in its entirety as well as defendants Dr. Randolph, Beth I. Wallace, Marie Shermon, Deborah L. McClary, Karen Y. McCullough and John and

2

Jane Doe.  In addition, the plaintiff withdraws his demand for punitive damages as to defendant Geraldine Miro but maintains his demand for compensatory damages against her.  The defendants consent to these amendments as well.

The plaintiff also requests leave of court to amend paragraph 122 of the amended complaint to bring new allegations against 14 defendants, contending for the first time that they were "grossly negligent in their duties."  However, as argued by the defendants, this proposed amendment lacks specificity and is premature.  In his amended complaint (doc. 31, ¶ 122), the plaintiff alleged that certain defendants were grossly negligent due to their actions on August 2, 2008.  In response, the defendants filed a motion to dismiss, arguing that this allegation was time-barred, as it was filed after the expiration of the statute of limitations (doc. 44 at p. 25).  The plaintiff appears to be attempting to circumvent the dismissal of that claim by including additional defendants, by making the language more vague, and by removing the time-barred date from his allegations.  As a result, the proposed allegation lacks sufficient specificity to allow the defendants to respond.  In addition, the plaintiff's request is premature.  The plaintiff has not yet responded to the defendants' motion, and the court has not yet ruled on these arguments.  If the plaintiff is permitted to amend his amended complaint in this manner, the defendants will be required to submit yet another motion to dismiss regarding the second amended complaint.  Accordingly, the plaintiff's motion to amend paragraph 122 should be denied.

Wherefore, based upon the foregoing, this court recommends that the following defendants be dismissed from the case pursuant to the plaintiff's requested amendment of paragraph 110:  Janice L. Montgomery, K. Tayla, Robin Elerby, A. Brown, Leon Johnson, Michael Swartz, Ms. Brown, Ann Hallman, and Silvia Roberts.  These defendants, along with many other defendants, had moved to dismiss the amended complaint on April 20, 2012.  Accordingly, should the district court adopt this

recommendation, the motion to dismiss (doc. 44) would be rendered moot as to these defendants. This court further recommends that the motion to amend be granted as to paragraphs 106, 129, and 130, and be denied as to paragraph 122.

        IT IS SO RECOMMENDED.

| | |
|---|---|
| June 21, 2012 | s/ Kevin F. McDonald |
| Greenville, South Carolina | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984.